IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK S. SIMPSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-0170-MJR-RJD |
| | ) |
| **CSX TRANSPORTATION, INC.** | ) |
| | ) |
| **Defendant.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, Chief District Judge:**

Plaintiff Mark Simpson was injured while working as a locomotive engineer on a freight train for Defendant CSX Transportation, Inc. He filed a two-count complaint, bringing claims under the Federal Employer's Liability Act (Count I) and the Federal Safety Appliance Act (Count II). In Count I, Simpson alleges that negligence by CSX caused his injuries. Simpson makes several allegations of negligence by CSX, including, in paragraph 13(a), that the doctrine of *res ipsa loquitur* raises an inference of negligence. CSX filed a partial motion to dismiss arguing that Simpson did not plead sufficient facts to pursue his *res ipsa loquitur* theory. CSX seeks to dismiss only paragraph 13(a) of Count I of the complaint, accepting the allegations of negligence in 13(b) through 13(l) as well-pleaded.

Simpson alleges that while he was working as a locomotive engineer, a carman employed by CSX tested, inspected, and attached an End of Train (EOT) device to the air braking system on the rear railroad car of a freight train that Simpson was assigned

1

to take from East St. Louis, Illinois to Evansville, Indiana. While Simpson was in the locomotive cab of the lead engine of the train, the EOT device failed, causing a sudden application of the train's emergency braking system. The emergency stop and the resulting slack that ran through the train caused the plaintiff unspecified personal injuries. In paragraph 13(a), Plaintiff pleads that an inference of negligence arises under *res ipsa loquitur* because the "train and all of the appliances, facilities, and devices involved in the movement of the train, being under the management, maintenance, operation and control of and in the exclusive possession of Defendant, were so managed, maintained, operated and controlled that the air-brake and EOT failure causing severe slack action and related injury to Plaintiff that such incidents of this nature described herein do not occur in the ordinary course of events if Defendant had used ordinary care."

Defendants argue Plaintiff failed to plead sufficient facts to pursue recovery based on the *res ipsa loquitur* doctrine, seeking review under **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)**, and **Ashcroft v. Iqbal, 556 U.S. 662, 698 (2009)**. These cases teach, among other things, that a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff filed a response to the motion to dismiss in which he relies on *Conley v. Gibson*, 355 U.S. 41 (1957), arguing that his complaint should not be dismissed unless the Court determines that there is no set of facts that could be proved that would entitle the plaintiff to relief, but the oft-cited language of *Conley* was "retired" by the Supreme Court in *Twombly*. After *Twombly*, a complaint must "actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007)(internal citation and quotation omitted). In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a reviewing court now must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-78). Pleadings that contain a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. At the same time, a plaintiff does not need to state all possible legal theories in his complaint. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)(citing *Dixon v. Page*, 291 F.3d 485, 486-87 (7th Cir. 2002)); *see also Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002)("The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply.").

The defendant's argument that the complaint does not plead sufficient facts to establish all the conditions for applying *res ipsa loquitur* is not without merit. The doctrine is applicable when three conditions are satisfied: "(1) the injury for which the

3

plaintiff seeks recovery must be of a kind that ordinarily does not occur in the absence of negligence; (2) the injury must have been caused by some agency or instrumentality within the exclusive control of the defendant; and (3) the injury must not have been due to any contribution or voluntary activity on the part of the plaintiff." *Robinson v. Burlington N. R.R. Co.*, 131 F.3d 648, 652 (7th Cir. 1997)(quoting *Stillman v. Norfolk & W. Ry.*, 811 F.2d 834, 836-37 (4th Cir. 1987)). The plaintiff barely pleads facts related to these conditions except in paragraph 13(a) of his complaint where he makes a threadbare recital of the doctrine inserting a few factual allegations. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The problem with CSX's argument, however, is that *res ipsa loquitur* is not the "claim" made in Count I. Simpson's claim in Count I is one brought under FELA.

Railroads are liable for injuries to employees under FELA if carrier negligence played any part in causing the injury. *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 692 (2011). To survive a motion to dismiss, Simpson must allege that CSX's negligence played even a slight role in causing his injury. In essence, CSX seeks to have the Court rule at the motion to dismiss stage on the applicability of a legal theory to plaintiff's FELA claim. If the Court were to grant the partial relief the defendant seeks, it would not be dismissing a "claim" under Rule 12(b)(6) so much as it would be limiting the legal theories that Plaintiff may pursue to prove he is entitled to relief.

According to the partial motion to dismiss, the factual allegations are not so deficient as to deprive CSX of fair notice of the basis of the Simpson's FELA claim for

the other eleven theories of negligence he alleges. CSX is attempting choose the legal theories Simpson may pursue under the guise of a Rule 12(b)(6) motion to dismiss for failing to state a claim. Simpson either pleaded sufficient facts to state a claim under FELA or he did not. As CSX does not challenge the sufficiency of Simpson's FELA claim with respect to the rest of his allegations of negligence, Simpson's option to pursue a variety of legal theories will not be foreclosed at this stage. The defendant's partial motion to dismiss is DENIED.

**IT IS SO ORDERED**.

DATED: December 23, 2016

> *Michael J. Reagan*
> MICHAEL J. REAGAN
> **Chief Judge**
> **United States District Court**